By the Court.—Van Vorst, J.
An execution was issued to the defendant, the sheriff of the county of New York, out of the city court, on a judgment recovered in an action in favor of the defendant Drewson, against one Wilson. The sheriff, by the direction of the defendant Drewson, levied upon goods and merchandise, which Wilson had formerly owned, and which, before the recovery of the judgment against him, he had transferred to the plaintiff, as his general assignee for the benefit of his creditors.
This is an action on the equity side of the court, in which the plaintiff seeks to enjoin the sheriff from taking any proceedings whatever, under the judgment and execution in favor of the defendant Drewson, and asks that the levy be set aside. For this extraordinary relief no sufficient facts are alleged. Equity should interfere to arrest the execution of process issuing out of another court, only upon satisfactory grounds. The defendants demurred to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained.
Treated as an action for equitable relief through a perpetual injunction, restraining the sheriff from executing the process in his hands against the property of the judgment debtor, it cannot be sustained against the objection constituting the ground of demurrer. If the property levied upon did not belong to the judgment debtor, but was the property of the plaintiff as his assignee,the remedy of the latter was by a legal action to recover damages, or he could, upon giving security, have commenced an action for the claim and delivery to him of the property. The remedy afforded by law for the recovery of damages to the full extent of the plaintiff’s injury, is ample.
It is only when the remedy at law is insufficient, that *426 a court of equity will interpose by injunction (High on Inj. §§ 458, 462).
Had the complaint been of a nature to allow legal redress, and had appropriate allegations, adapted to such a cause of action, been stated in the complaint, the demurrer would not have been sustained, and such cause of action could have been tried.*
The complaint states facts upon which equitable relief only is asked. And in order that there might be no doubt as to what relief the plaintiff expected, under his facts, and that it was equitable only, he states in his complaint, that a remedy at law must be tardy, and that its prosecution would impede the execution of the trust under the assignment to him. These constitute no sufficient reasons for an action in equity.
If the plaintiff has been unjustly deprived of the possession of the goods in question, their full value can be recovered of the sheriff in an appropriate action, and with the moneys so collected, the plaintiff can proceed to the execution of his trust, so that the injury of which complaint is made is not irreparable.
Under such circumstances, equity will not restrain the execution of the process issued upon the judgment, nor a sale of the property thereunder (Freeman on Executions, § 437).
The complaint states no ground which would authorize a court of equity to interfere, and, in fact, no cause of action whatever:
The order from which the appeal is taken is affirmed, with costs and disbursements of the appeal.
Freedman, J., concurred.

 In Willis v. Fairchild (51 Super. Ct. 405), it was held that a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, only raises the question whether or not plaintiff is, under the allegations, entitled to the relief demanded; not whether those allegations entitle him to some other relief. But see contra, Mackey v. Auer, 8 Hun, 183.